This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-Defendant Kenneth D. Linscott has appealed from a judgment of the Summit County Court of Common Pleas, which sentenced Linscott to maximum consecutive prison terms and adjudicated him a sexual predator. This Court affirms.
 I
Linscott pleaded guilty to two counts of gross sexual imposition involving two children who were both under the age of thirteen. The sentencing and sexual offender classification hearings were held simultaneously. Linscott was adjudicated a sexual predator, and sentenced to five years community control with the condition that he enter and successfully complete the Volunteers of America New Life Sex Offender ("VOA") treatment program. Linscott appealed his plea and sexual predator adjudication.
While his direct appeal was pending, Linscott violated his community control. The trial court held a community control violation hearing, found Linscott guilty, and sentenced Linscott to the maximum prison time on both counts of gross sexual imposition, and ordered the sentences to be served consecutively. Linscott appealed the guilty finding on the community control violation, and the imposition of the maximum consecutive prison terms. This Court consolidated the appeals. See Statev. Linscott (Jan. 10, 2001), Summit App. Nos. 19947 and 20021, unreported ("Linscott I"). Upon finding that Linscott had not been given proper notice of the sexual offender classification hearing, this Court vacated the sexual predator adjudication. Linscott I, supra, at 15. We further found that the trial court failed to make the requisite finding for imposition of the sentences, and accordingly vacated the sentences. This Court ordered the case to be remanded to the trial court for resentencing, and for a new sexual offender classification hearing. SeeLinscott I.
In compliance with this Court's order of remand, the trial court, on February 27, 2001, held a resentencing and sexual offender classification hearing. After hearing testimony from Linscott's expert, a psychiatrist specializing in treating persons with sexually deviant behavior, hearing statements from the victims' grandfather, and reviewing the VOA termination report, victim impact statement, and the psychodiagnostic report, the trial court adjudicated Linscott a sexual predator, and sentenced Linscott to maximum consecutive prison terms.
Linscott has timely appealed and has assigned three errors for this Court's review.
 II FIRST ASSIGNMENT OF ERROR Where Defendant was subjected to court-ordered NGRI evaluation prior to the initial sentencing as well as a compulsory psychiatric intake evaluation by the Volunteers of America under the trial court's community control program after the initial sentencing and was not, in either case, warned that what he said could be used against him in any subsequent sentencing phase of the case or in any subsequent sex offender classification phase, Defendant was deprived of his Fifth Amendment right against self-incrimination when the court considered the NGRI evaluation and the intake evaluation as evidence in making both its second sentencing and second "sexual predator" determinations.
Linscott has asserted in his first assignment of error that the trial court erred in considering the psychodiagnostic report which was compiled as a result of his not guilty by reason of insanity plea, and the VOA termination report, in sentencing and adjudicating him a sexual predator.
Linscott previously raised this argument with respect to the psychodiagnostic report in his first appeal. See Linscott I, supra, at 12-13. This Court declined to address the issue in Linscott I, finding it moot based upon the disposition of another assignment of error. It appears that Linscott has attempted to argue that this Court should now address the issue because in Linscott I we did not state this Court's reasons for finding the assignment of error moot. As this Court's decisions in Linscott I are now the law of the case, we decline the invitation to revisit the issue. See Nolan v. Nolan (1984),11 Ohio St.3d 1, 3 (explaining that "the doctrine [of the law of the case] provides that the decision of a reviewing court remains the law of that case in a case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels").
This Court will also not address Linscott's assertion that his constitutional rights were violated by the trial court's reliance upon the VOA termination report in sentencing and adjudicating him a sexual predator because Linscott failed to raise the issue in the trial court. See State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus, cert. Denied (1969), 394 U.S. 1002, 22 L.Ed.2d 779. Furthermore, the transcript of the February 27, 2001 resentencing and sexual predator hearing reveals not only that Linscott failed to object to the use of the VOA report, but that it was Linscott's attorney who first made mention of the report during redirect examination of Linscott's expert witness.
 SECOND ASSIGNMENT OF ERROR The trial court erred by not following the statutory sentencing guidelines under R.C. 2929.11 et seq. in the following ways:
 In imposing the maximum sentence of five years on each count by making statutory findings not supported by the record and by either failing to give any reasons at all for those findings or by giving reasons not supported by the record.
 In requiring the maximum sentences to be served consecutively by making statutory findings not supported by the record and by either failing to give any reasons at all for those findings or by giving reasons not supported by the record.
In his second assignment of error, Linscott has challenged the trial court's imposition of maximum consecutive sentences. Linscott has asserted that the court failed to set forth its reasons for each of the findings, and that neither the reasons that the court did provide, nor the court's findings, are supported by the record.
When reviewing an appeal of a sentence, an appellate court may modify a sentence or remand the matter to the trial court for resentencing if the court finds, clearly and convincingly, that the trial court acted contrary to law or the record. R.C. 2953.08(G)(1)(a),(d). Clear and convincing evidence is that "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121,122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 Maximum Sentences Pursuant to R.C. 2929.14(C), a trial court may impose a maximum prison term for a felony conviction on a defendant if the court finds one of four criteria: (1) the defendant committed the worst form of the offense; (2) the defendant poses the greatest likelihood of committing future crimes; (3) the defendant is a major drug offender of the type set forth in R.C. 2929.14(D)(3); or (4) the defendant is a repeat violent offender of the type set forth in R.C. 2929.14(D)(2). The trial court must state its finding(s) under R.C. 2929.14(C) on the record. State v. Edmonson (1999), 86 Ohio St.3d 324, 326. Additionally, if the court imposes a maximum prison term, the court must give its reason(s) for its finding(s). R.C. 2929.19(B)(2)(d); Edmonson, supra.
The record reveals that in imposing the maximum sentences, the trial court made the requisite findings and stated its reasons for the findings. Reasoning that Linscott had sexually molested two boys of tender age while he held a position of trust as a teacher[1] and used his position to commit his crimes, and that Linscott failed to comply with his original sentence of community control, the trial court found that Linscott had committed the worst form of the offense and that Linscott poses the greatest likelihood of committing future crimes.
Linscott has asserted that "the likelihood of recidivism, under the record of this case, is non-existent." We find to the contrary; there is sufficient clear and convincing evidence in the record from which the trial court could properly make the finding that Linscott poses the greatest likelihood of committing future crimes. The record indicates that Linscott had multiple victims; Linscott was given a chance to avoid serving a prison term and to get professional help, but was terminated from the sexual offender program and thus violated his initial sentence of community control; Linscott self-reported while at the VOA to having some additional 30 child-victims; and Linscott was clinically diagnosed as having a mental illness, one facet of which is Linscott's need to engage in conduct that is morally wrong. Linscott's convictions for gross sexual imposition with two different victims were, according to Linscott's own expert, the result of his needs and desires to do something morally wrong.
Linscott has also argued that the record does not support the trial court's finding that Linscott committed the worst form of the offense. However, having determined that the trial court's finding that Linscott is likely to commit future crimes is not contrary to the record, this Court need not address Linscott's argument concerning "the worst form of the offense" because a trial court need only find one of the factors under R.C. 2929.14(C) in order to impose a maximum prison term.
 Consecutive Sentences A trial court is authorized to impose consecutive sentences upon a defendant if the court finds: (1) that consecutive service is necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) if the court finds one of the following: (a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or was under post-release control for a prior offense; (b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4). As with the imposition of a maximum sentence, a trial court is required to state its findings and reason(s) for imposing consecutive sentences. R.C. 2929.19(B)(2)(c); See Edmonson, supra.
This Court finds that the trial court did not err in ordering Linscott to serve his sentences consecutively. The trial court found that consecutive sentences are necessary to protect the public and punish the offender, that consecutive sentences are not disproportionate to the conduct and to the danger the offender poses, and that the harm was so great or unusual that a single prison term would not adequately reflect the seriousness of Linscott's conduct. The court reasoned that these findings were justified because Linscott's two victims were young boys who were eight and ten years of age, Linscott violated the boys' trust by using his position as a teacher to facilitate the molestation, Linscott was given a chance to avoid serving a prison term and to get professional help, but violated the terms of his community control by being terminated from the sexual offender program, and because Linscott self-reported to having some 30 additional child-victims. The court's imposition of consecutive sentences is not clearly and convincingly contrary to law or the record.
 THIRD ASSIGNMENT OF ERROR Where Defendant was a first offender; and where there was no competent evidence other than his guilty plea on which to base a "sexual predator" finding, the court erred in the following ways:
 In finding in its judgment entry that although Defendant was "not a sexually oriented offender" and "not an habitual sex offender", he was nevertheless a "sexual predator";
 In applying R.C. Chapter 2950 in an unconstitutional manner that deprived defendant of his Fourteenth Amendment Due Process rights and his Fifth Amendment right against self-incrimination.
Linscott has argued in his third assignment of error that the trial court erred in adjudicating him a sexual predator for four reasons. First, Linscott has asserted that the court failed to conduct the sexual predator hearing prior to sentencing. This contention is completely false; the sexual predator hearing was initially conducted during the first sentencing hearing, and pursuant to Linscott's appeal, the adjudication was vacated and this Court remanded the matter to the trial court for a new hearing. The trial court properly conducted the sexual offender classification hearing simultaneously with the resentencing hearing pursuant to this Court's remand.
Second, Linscott has contended that because he is a first time offender, i.e. he has no criminal record, he cannot be classified as a sexual predator. He has asserted that "as a matter of law, first [time] offenders cannot be classified as anything but `sexually oriented offenders.'" However, the Supreme Court of Ohio has specifically recognized that a conviction for one sexually oriented offense can be enough to support a sexual predator adjudication in State v. Eppinger
(2001), 91 Ohio St.3d 158, 167.
Third, Linscott has argued that there is no competent evidence in the record to support a finding that he is "likely to engage in the future in one or more sexually oriented offenses[,]" and thus his sexual predator adjudication must be vacated. This Court disagrees.
In order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.01(E) and 2950.09(B)(3).
In determining whether an offender is likely to engage in the future in one or more sexually oriented offenses, i.e. is a sexual predator, the trial judge is required to consider all relevant factors, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
The trial court stated that it considered all of the factors under R.C. Chapter 2950,[2] as well as the victim impact statement, the VOA termination report, the psychodiagnostic report, and the report submitted by Linscott's expert. The court further expressed that in making its determination that Linscott is a sexual predator, the court considered that Linscott's sexually oriented offenses involved multiple victims, the victims were of tender age, the victims suffered mental injury as a result of the offenses, Linscott self-reported to the VOA that he had some 30 additional child-victims, and the court considered Linscott's mental illness or disability.
This Court finds that the record clearly and convincingly supports the lower court's finding that Linscott is a sexual predator; the record illustrates the danger Linscott poses to society and that he is likely to commit one or more sexually oriented offenses in the future. Linscott was clinically diagnosed as having a mental illness, one facet of which is Linscott's need and desire to engage in morally wrong behavior. It is this need and desire to commit morally wrong acts that, according to Linscott's own expert, caused Linscott to sexually abuse the two young boys in the underlying gross sexual imposition convictions. Furthermore, Linscott self-reported to having molested some 30 other children for which he was never convicted.
Finally, Linscott has reasserted the arguments set forth under his first assigned error. He has argued that his constitutional rights were violated because the court relied upon the psychodiagnostic and VOA reports in making its sexual predator determination. This Court need not address this issue again, however, as we disposed of this argument in the first assignment of error. App.R. 12(A)(1)(c).
 III
Because this Court finds no merit in Linscott's assigned errors, each is overruled and the judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., SLABY, J. CONCURS.
[1] On the record the trial court stated that Linscott held a "position of trust" as a teacher and he utilized that position in committing the offenses. In the journal entry of sentence, the court wrote that Linscott's position was "a position of public trust." Linscott has contended in a footnote that the trial court's finding that Linscott held a position of public trust is erroneous, because Linscott taught in a private, not a public, school. Such an argument defies common sense. It matters not whether one teaches in a public or private school; every teacher holds a position of public trust.
[2] Although it is better practice for a trial court to list all of the criteria it considers in making its determination as to whether an offender is likely to engage in the future in one or more sexually oriented offenses, the Supreme Court of Ohio has held that the trial court is only required to consider all relevant factors in making its findings. State v. Eppinger (2001), 91 Ohio St.3d 158, 166-167, citingState v. Cook (1998), 83 Ohio St.3d 404, 426.